| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Misty A Perry Isaacson<br>Pagter and Perry Isaacson, APLC<br>525 N Cabrillo Park Dr Ste 104<br>Santa Ana, CA 92701<br><br>714-541-6072<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| In re:<br><br><br>Andres Palacios Duque<br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 6:21-bk-10626-SY<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:21-ap-01056-SY |
|---|---|
| Karl T. Anderson, Chapter 7 Trustee<br><br><br><div align="right">Plaintiff(s)</div><div align="center">Versus</div>Andres Palacios Duque<br><br>(See Attachment A for names of additional defendants)<br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **06/04/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

|  |  |
|---|---|
| **Date:** | **August 5, 2021** |
| **Time:** | **09:30 AM** |
| **Hearing Judge:** | **Scott H. Yun** |
| **Location:** | **3420 Twelfth St., Crtrm 302, Riverside, CA 92501** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>May 5, 2021</u>

By: <u>"s/" Cynthia Potier</u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Karl T. Anderson, Chapter 7 Trustee | Andres Palacios Duque<br>Yamilex Palacios<br>Elias Palacios<br>Ana Palacios<br>Nereyda Palacios<br>Ines Palacios |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

1  Misty Perry Isaacson, CA SBN 193204
   **PAGTER AND PERRY ISAACSON**
2  525 N. Cabrillo Park Drive, Suite 104
   Santa Ana, California 92701
3  Telephone: (714) 541-6072
   Facsimile:  (714) 541-6897
   Email: misty@ppilawyers.com
4
   Attorneys for Karl T. Anderson,
5  Chapter 7 Trustee

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        RIVERSIDE DIVISION

| | |
|---|---|
| 11  In re: | Case No. 6:21-bk-10626-SY |
| 12  ANDRES PALACIOS DUQUE, | Chapter 7 |
| 13                          Debtor. | Adv. No. |
| 14  KARL T. ANDERSON, Chapter 7 Trustee, | COMPLAINT FOR : (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS; (2) |
| 15                          Plaintiff, | AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS; (3) |
| 16  v. | RECOVERY OF AVOIDED TRANSFERS; (4) DECLARATORY RELIEF RE VALIDITY, |
| 17  ANDRES PALACIOS DUQUE, as trustee of | PRIORITY AND EXTENT OF INTEREST IN REAL PROPERTY LOCATED AT 5700 |
| 18  the PD FAMILY TRUST; YAMILEX PALACIOS, an individual; ELIAS PALACIOS, | ETIWANDA, MIRA LOMA 91752 |
| 19  an individual, ANA PALACIOS, an individual, NEREYDA PALACIOS, an individual; and | [11 U.S.C. §§ 544(b), 549, and 550; Cal. Civ. Code §§ 3439.04 & 3439.05] |
| 20  INES PALACIOS, an individual. | |
| 21                          Defendants. | **Status Conference** Date:  [TO BE SET BY SUMMONS] |
| 22 | Time: Place: Courtroom |
| 23 | 3420 Twelfth Street Riverside, CA 92501 |
| 24 | |

25  **TO THE HONORABLE SCOTT C. YUN, UNITED STATES BANKRUPTCY JUDGE:**

26       Plaintiff Karl T. Anderson, the chapter 7 trustee (the "Plaintiff") for the bankruptcy estate

27  of *Andres Palacios Duque* ("Duque" or the "Debtor"), avers and complains, by way of this

28  Complaint, as follows:

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

## JURISDICTION AND VENUE

1.     In accordance with the requirements of Local Bankruptcy Rule 7008-1, the United

States Bankruptcy Court for the Central District of California, Riverside Division (the

"Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334,

since the claims asserted arise under Title 11 of the United States Code or arise or relate to the

chapter 7 case of the Debtor, currently pending in the Bankruptcy Court as Case No. 6:21-bk-

10626-SY (the "Bankruptcy Case").  The outcome of this adversary proceeding will have a

significant effect on the Estate because it asserts claims for the return of property or the

recovery of the value of assets fraudulently transferred by the Debtor and affects the amount of

money available for distribution to creditors of the bankruptcy estate (the "Estate").

2.     The claims for relief in this Complaint constitute a core proceeding under 28

U.S.C. § 157(b)(2)(H).  Regardless of whether this is a core proceeding, consent is given to the

entry of final orders and judgment by the Bankruptcy Court.  Defendants are notified that Fed.

R. Bank. P. 7012(b) requires defendants to state whether they do or do not consent to the entry

of final orders and judgment by the Bankruptcy Court.

3.     Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 408 and 1409

because the Bankruptcy Case is pending in this district and division.  The Bankruptcy Court

also has personal jurisdiction over the defendants.

## PARTIES

4.     On February 8, 2021 (the "Petition Date"), the Debtor commenced this case file

filing a Voluntary Petition under chapter 7 of the Bankruptcy Code.

5.     Plaintiff, being duly qualified, was appointed and presently is the acting chapter 7

trustee of the Estate.  Plaintiff brings this action solely in his capacity as trustee for the benefit

of the Debtor's estate and its creditors.  Because the Plaintiff was appointed after the

occurrence of the majority of the facts alleged in this Complaint, he has no personal knowledge

of such facts.  Accordingly, Plaintiff alleges all such facts on information and belief based on a

review of documents and pleadings in this bankruptcy case and in other litigation.  To the extent

that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes,

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers under California or other applicable law before the voluntary petition was filed.

6.    Defendant, Andres Palacios Duque, in his capacity as trustee of the PD Family Trust, is an individual resident of the State of California and resides within the jurisdiction of this Court.  At all relevant times, Debtor was a person for whose benefit the recoverable transfers alleged in the Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

7.    Defendant Yamilex Palacios ("Yamilex") is an individual resident of the State of California and resides within the jurisdiction of this Court.  At all relevant times, Yamilex was a person for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

8.    Plaintiff is informed and believes, and on that basis alleges thereon, that Yamilex is the Debtor's daughter and, therefore, is an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

9.    Defendant Elias Palacios ("Elias") is an individual resident of the State of California and resides within the jurisdiction of this Court. Plaintiff is informed and believes, and on that basis alleges thereon, that Elias is the Debtor's brother.

10.    Defendant Ana Palacios ("Ana") is an individual resident of the State of California and resides within the jurisdiction of this Court.  Plaintiff is informed and believes, and on that basis alleges thereon, that Ana is the Debtor's niece.

11.    Defendant Nereyda Palacios ("Nereyda") is an individual resident of the State of California and resides within the jurisdiction of this Court.  Plaintiff is informed and believes, and on that basis alleges thereon, that Nereyda is the Debtor's sister.

12.    Defendant Ines Palacios ("Ines") is an individual resident of the State of California and resides within the jurisdiction of this Court.  Plaintiff is informed and believes, and on that basis alleges thereon, that Ines is the Debtor's sister-in-law.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

**GENERAL ALLEGATIONS**

13.    On or November 3, 2005, the Debtor purchased certain real property commonly known as and located at 5700 Etiwanda, Jurupa Valley, California 91752 ("Etiwanda Property") for $775,000 from the Rebelo Family 2002 Trust.

14.    Shortly after the purchase of the Etiwanda Property the Debtor was incarcerated off and on until approximately 2015.

15.    On or about August 15, 2015, Nereyda Palacios as Attorney in fact for the Debtor transferred the Etiwanda Property to Kenia L. Palacios Pineda via Grant Deed, which was recorded in Official Records of the County of Riverside on August 17, 2015.

16.    On or about April 7, 2016, Kenia L. Palacios Pineda transferred the Etiwanda Property back to Debtor via Grant Deed, which was recorded in the Official Records of the County of Riverside on April 14, 2016.

17.    On or about April 25, 2016, the Debtor established the PD family Trust with the Debtor as the Trustee.

18.    On or about May 2, 2016, the Debtor transferred for "No value or Consideration" the Etiwanda Property to PD Family Trust, Andres Palacios Duque as Trustee via Grant Deed ("Trust Transfer").  The Trust Transfer was recorded in the Official Records of the County of Riverside on July 11, 2019.

19.    Plaintiff is informed and believes, and on that basis alleges thereon the Debtor is a beneficiary of the PD Family Trust.

20.    On or about August 1, 2016, Elias, Ana, Nereyda, and Ines ("RSSC Plaintiffs") filed a complaint ("RSSC Complaint") in the Superior Court of California for the County of Riverside (Case No. RIC 1609862) for Partition of Real and Personal Properties against the Debtor ("RSSC Case").

21.    Among other things, the RSSC Complaint alleged that while the Debtor was incarcerated, Ana and Elias agreed to make the mortgage, real property tax and insurance payments on the Etiwanda Property.  In return the Debtor represented that Elias and Nereyda would each be entitled to a one-third interest in the Etiwanda Property.  The RSSC Complaint

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

further alleged that based on the Debtor's representations, Elias and Nereyda made such payments and therefore were entitled to an accounting and partition by sale of the Etiwanda Property.

22.    On or about August 5, 2016, counsel for the RSSC Plaintiffs caused a Notice of Pending Action ("Lis Pendens") to be recorded in the Official Records of the County of Riverside, identified by instrument number 2016-0334586.  A true and correct copy of the Lis Pendens is attached hereto as Exhibit A and incorporated herein by reference.

23.    On or about November 21, 2017, the RSSC Plaintiffs and the Debtor entered into a settlement agreement to resolve the RSSC Case.  Among other things, the settlement agreement provided that the RSSC Plaintiffs would relinquish all rights, title and interests to the Etiwanda property to the Debtor.  On March 9, 2018, the RSSC entered its order authorizing the parties' settlement agreement.  Notwithstanding the requirement to do so, the Lis Pendens was not released by the RSSC Plaintiffs from the Etiwanda Property.

24.    The RSSC Case order approving settlement agreement also provided that the Debtor was required to pay Nereyda the sum of $55,000.  Having failed to comply with the terms of the RSSC case settlement agreement, on February 2, 2021, the RSSC granted Nereyda's motion for enforcement of settlement agreement and ordered that Debtor pay Nereyda the principal judgment amount of $55,000, plus interest and attorney fees.

25.    On or about June 11, 2020, Andres Palacios Duque, Trustee of the PD Family Trust transferred the Etiwanda Property to Yamilex Palacios via Grant Deed as a "bonafide gift and the grantor [Debtor] received nothing in return."  The transfer to Yamilex was recorded in Official Records of the County of Riverside on June 18, 2020 (the "Fraudulent Transfer").  A true and correct copy of the Grant Deed is attached hereto as Exhibit B and incorporated herein by reference.

26.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor received no consideration for either the Trust Transfer or the Fraudulent Transfer (collectively the "Transfers").  Each of these transfers was made with the actual intent to hinder, delay, or defraud the present and future creditors of the Debtor.  As a result of these Transfers,

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 5 -

the bankruptcy estate cannot pay the claims of its creditors in full or in amounts that it would otherwise have been able to pay.

27.     Each of the Transfers removed assets from the Debtor for the benefit of the PD Family Trust and Yamilex at the expense of the Debtor's then existing and anticipated creditors.

28.     In addition to his Voluntary Petition, on February 8, 2021, the Debtor filed with the Bankruptcy Court, schedules (the "Schedules") and a statement of financial affairs (the "SOFA").  The Schedules and SOFA were executed by the Debtor under penalty of perjury and certified as being true and correct.

29.     The Schedules do not list Nereyda as a creditor of the Debtor's Estate.

30.     The Schedules do not list the Etiwanda Property as an asset of the Debtor's Estate.

31.     In response to question number 7 on the SOFA, requiring the Debtor to list whether he had made any payment on a debt he owed to an insider within one year immediately preceding the commencement of the case, the Debtor checked the box marked "No."

32.     In response to question number 8 on the SOFA, requiring the Debtor to list whether he made any payments or transferred any property on account of a debt that benefited an insider within one year immediately preceding the commencement of the case, the Debtor checked the box marked "No."

33.     In response to question number 13 on the SOFA, requiring the Debtor to list whether he had made any gifts totaling more than $600 per person within two years immediately preceding the commencement of the case, the Debtor checked the box marked "No."

34.     In response to question number 18 on the SOFA, requiring the Debtor to list whether, within two years before his bankruptcy, he had sold, traded, or otherwise transferred any property to anyone, other than property transferred in the ordinary course of his business or financial affairs, the Debtor checked the box marked "No."

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 6 -

**FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Fraudulent Transfer Based on Intent to Hinder, Delay or**

**Defraud Creditors – Cal. Civ. Code § 3439.04(a)(1); 11 U.S.C. § 544(b)(1)**

**(Against Andres Palacios Duque and Yamilex Palacios)**

35.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 as though set forth in full.

36.     Through each of the Transfers, the Debtor transferred property within four (4) years prior to the Petition Date with the actual intent to hinder, delay, and defraud contemporary and future creditors.

37.     As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

38.     Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 544(b)(1).

**SECOND CLAIM FOR RELIEF**

**Avoidance of Fraudulent Conveyance Based on Lack of Reasonably Equivalent Value**

**and Incurrence of Excessive Debts – Cal. Civ. Code § 3439.04(a)(2); 11 U.S.C. § 544(b)(1)**

**(Against Andres Palacios Duque and Yamilex Palacios)**

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 as though set forth in full.

40.     Through each of the Transfers occurring within four (4) years of the Petition Date, the Debtor transferred the Etiwanda Property prior to the Petition Date without receiving a reasonably equivalent value in exchange for the Transfers.

41.     At the time of the Transfers occurring within four (4) years of the Petition date, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

42.     As a result of the Transfers occurring within four (4) years of the Petition Date, the Debtor's Estate and its creditors have been injured.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

43.     Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 544(b)(1).

## THIRD CLAIM FOR RELIEF

**Avoidance of Fraudulent Conveyance Based on Lack of Reasonably Equivalent Value and Insolvency – Cal. Civ. Code § 3439.05(a); 11 U.S.C. § 544(b)(1)**

**(Against Andres Palacios Duque and Yamilex Palacios)**

44.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 as though set forth in full.

45.     Each of the Transfers occurred at a time when Nereyda, City of Jurupa Valley Trash Collection, County of Riverside Tax Collector, California Franchise Tax Board, California State Board of Equalization, and the City of Riverside were creditors of the Debtor (collectively the "Creditors").

46.     The Transfers of the Etiwanda Property prior to the Petition Date were made by the Debtor without receiving a reasonably equivalent value in exchange for the transfer.

47.     At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of such Transfers.

48.     As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

49.     Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 544(b)(1).

## FOURTH CLAIM FOR RELIEF

**Avoidance of Fraudulent Conveyance Based on Intent to Hinder, Delay, or Defraud Creditors – 11 U.S.C. § 548(a)(1)(A)**

**(Against Andres Palacios Duque and Yamilex Palacios)**

50.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 as though set forth in full.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

51.     Through the Transfers, the Debtor transferred the Etiwanda Property within two (2) years prior to the Petition Date with actual intent to hinder, delay, and defraud contemporary and future creditors.

52.     As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

53.     Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 548(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

**Avoidance of Fraudulent Conveyance Based on Lack of Reasonably Equivalent Value, Insolvency or Incurrence or Excessive Debts – 11 U.S.C. § 548(a)(1)(B)**

**(Against Andres Palacios Duque and Yamilex Palacios)**

54.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 as though set forth in full.

55.     Through the Transfers occurring within two (2) years prior to the Petition Date, the Debtor transferred the Etiwanda Property prior to the Petition Date without receiving reasonably equivalent value in exchange for the transfer.

56.     At the time of the Transfers occurring within two (2) years prior to the Petition Date, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

57.     At the time of the Transfers occurring within two (2) years prior to the Petition Date, the Debtor insolvent or became insolvent as a result of such Transfers.

58.     As a result of the Transfers occurring within two (2) years prior to the Petition Date, the Debtor's Estate and its creditors have been injured.

59.     Plaintiff is entitled to avoid the Transfers occurring within the two (2) years prior to the Petition Date for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 548(a)(1)(B).

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

## SIXTH CLAIM FOR RELIEF

### Avoidance of Fraudulent Conveyance Based on Intent to Hinder, Delay,

### or Defraud Creditors – 11 U.S.C. § 548(e)

### (Against Andres Palacios Duque, Trustee of the PD Family Trust)

60.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 59 as though set forth in full.

61.    Through the Trust Transfer, the Debtor transferred the Etiwanda Property within ten (10) years prior to the Petition Date to a self-settled trust to which he is a beneficiary and retained possession or control of the Etiwanda Property after the Trust Transfer.

62.    The Trust Transfer was made with actual intent to hinder, delay, and defraud the Debtor's contemporary and future creditors to whom he was or would become indebted.

63.    As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

64.    Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 548(e)(1).

## SEVENTH CLAIM FOR RELIEF

### Common Law Avoidance of Fraudulent Conveyance – 11 U.S.C. § 544(b)(1)

### (Against Andres Palacios Duque and Yamilex Palacios)

65.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 64 as though set forth in full.

66.    Through each of the Transfers, the Debtor transferred property within seven (7) years prior to the Petition Date with actual intent to hinder, delay, and defraud contemporary and future creditors.

67.    Through each of the Transfers, the Debtor transferred the Etiwanda Property prior to the Petition Date without receiving a reasonably equivalent value in exchange for the transfer.

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 10 -

68.     At the time of the Transfers, the Debtor incurred, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

69.     At the time of the Transfers, the Debtor was insolvent as a result of such Transfers.

70.     As a result of the Transfers, the Debtor's Estate and its creditors have been injured.

71.     Plaintiff is entitled to avoid the Transfers for the benefit of the Debtor's Estate and creditors pursuant to 11 U.S.C. § 544(b)(1).

## EIGHTH CLAIM FOR RELIEF

### Recovery of Avoided Conveyances or Value Thereof – 11 U.S.C. § 550

### (Against Andres Palacios Duque and Yamilex Palacios)

72.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 71 as though set forth in full.

73.     With respect to the Transfers, Andres Palacios Duque as Trustee of the PD Family Trust and Yamilex was either (i) an initial transferee, (ii) a person for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee.

74.     To the extent that either Andres Palacios Duque as Trustee of the PD Family Trust or Yamilex was an initial transferee of the Debtor in connection with the Transfers, or a person for whose benefit any of the Transfers were effectuated for, Plaintiff is entitled to recover the Etiwanda Property or its value from Andres Palacios Duque as Trustee of the PD Family Trust or Yamilex pursuant to 11 U.S.C. § 550(a)(1).

75.     To the extent that either Andres Palacios Duque as Trustee of the PD Family Trust or Yamilex was an mediate or immediate transferee that received the Etiwanda Property derived from the Transfers, from one or more other transferees, Plaintiff is entitled to recover the Etiwanda Property or its value from Andres Palacios Duque as Trustee of the PD Family Trust or Yamilex pursuant to 11 U.S.C. § 550(a)(2).

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 11 -

### NINTH CLAIM FOR RELIEF

### Declaratory Relief

### (Against Elias Palacios, Ana Palacios, Nereyda Palacios, and Ines Palacios)

76.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 75 as though set forth in full.

77.    Plaintiff has a duty to reduce property of the Estate to money under 11 U.S.C. § 704(a)(1).

78.    An actual controversy has arisen as a result of the recording of the Lis Pendens by the RSSC Plaintiffs against the Etiwanda Property.

79.    Plaintiff alleges that upon the RSSC Court's order approving the settlement agreement, the RSSC Plaintiffs were required to record with the Riverside County Recorder, a release of the Lis Pendens against the Etiwanda Property, however, they failed to do so.

80.    Prior to the filing of the within adversary action, Plaintiff reached out to Counsel for the RSSC Plaintiffs on several occasions attempting to obtain the voluntary release of the Lis Pendens.  Such attempts were unsuccessful.

81.    The Plaintiff is entitled to entry of Judgment specifying that RSSC Plaintiffs do not hold any interest against the Etiwanda Property and that the Lis Pendens should be expunged and/or exonerated.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

ON THE FIRST THROUGH THE SEVENTH CLAIM FOR RELIEF

1.    For entry of a judgment that the Transfers set forth therein be avoided for the benefit of the Debtor's Estate;

ON THE EIGHTH CLAIM FOR RELIEF

2.    For entry of a judgment that the Transfers set forth therein be set aside and the Etiwanda Property transferred or the value thereof be recovered for the benefit of the Debtor's Estate;

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

ON THE NINTH CLAIM FOR RELIEF

3.      For entry of a judgment that the RSSC Plaintiffs do not have a valid interest in the Etiwanda Property and that the Lis Pendens against the Etiwanda Property shall be expunged and/or exonerated;

ON ALL CLAIMS FOR RELIEF

4.      For interest as permitted by law from the date of the Transfers;

5.      For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6.      For such other and further relief as the Court deems just and proper.

Date: May 4, 2021                          **PAGTER AND PERRY ISAACSON**

                                           /s/ Misty Perry Isaacson
                                    By: _____
                                           Misty Perry Isaacson, Attorneys for
                                           Plaintiff Karl T. Anderson, Chapter 7
                                           Trustee

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 13 -

# EXHIBIT A

Exhibit A

RECORDING REQUESTED BY
PD FAMILY TRUST

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

PD FAMILY TRUST
5700 Etiwanda Avenue
Jurupa Valley, CA 91752



**2019-0255042**

07/11/2019 11:52 AM Fee: $ 89.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder



| | |
|---|---|
| 6080 | |
| Cert | CC |

## GRANT DEED

TITLE ORDER NO. N / A          ESCROW NO. N / A          APN NO. 161-140-002

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $ __No Value or Consideration__          CITY TAX $ _0.00 Gift_
☐  computed on full value of property conveyed, or computed on full value less value of liens or encumbrances remaining at time of sale,
☐  Unincorporated area: ☐   City of _Jurupa Valley_                                      ,and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**ANDRES PALACIOS DUQUE**

ANDRES PALACIOS DUQUE

hereby GRANT(s) to **PD FAMILY TRUST,** . AS TRUSTEE.

the following described real property in the County of Riverside          State of California

Legal address: Lot 2.32, Acres in Por Lot 7 Abbreviated Description: Lot 2.32, Acres in Por Lot 7 City/Muni/Twp: Jurupa
Valley, State of California, County of Riverside, City of Mira Loma.
APN 161-140-002. Common address: 5700 Etiwanda Avenue, Jurupa Valley, CA 91752.
Dated _5-2-16_                                     Andres Palacios Duque
                                                **ANDRES PALACIOS DUQUE**

"This is a bonafide gift and the grantor received nothing in return, R & T 11911"

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

STATE OF CALIFORNIA                    }
COUNTY OF _Los Angeles_              }
ON _MAY 1st. 2016_                 before me, _BEATRIZ TAGLE - Notary Public_
Notary Public, personally appeared _ANDRES PALACIOS DUQUE_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_E. Tagle_

Signature

E. TAGLE
COMM. # 2069421
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. May 25, 2018

Exhibit A

# EXHIBIT B

Exhibit B

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

_Yamilex Palacios_

AND WHEN RECORDED MAIL TO:

AND MAIL TAX STATEMENTS TO:

_5700 Etiwanda. Ave_
_Jurupa Valley CA 91752._

06/18/2020 01:27 PM Fee: $ 33.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

_690_

Space above this line for recorder's use only

# 161-140-002

**Title of Document**

_Grant Deed._

TRA: _____

DTT: _____0_____

## Exemption reason declared pursuant to Government Code 27388.1

☐   This document is a transfer that is subject to the imposition of documentary transfer tax.

☐   This is a document recorded in connection with a transfer that is subject to the imposition of documentary transfer tax.
Document reference: _____

☑   This document is a transfer of real property that is a residential dwelling to an owner-occupier.

☐   This is a document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier.
Document reference: _____

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

ACR 238 (Rev. 01/2018)          Available in Alternate Formats

Exhibit B

**RECORDING REQUESTED BY:**
Ticor Title Company of CA

**Escrow No.:** 00701860-001-CGZ
**Title No.:** 701860-001-JC

**WHEN RECORDED MAIL DOCUMENT AND**
**TAX STATEMENT TO:**
**Andres Palacios Duque**
**5700 Etiwanda Avenue**
**Jurupa Valley, CA 91752**

---

**APN:** 161-140-002

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $ __0.00__          CITY TAX $ __0.00__

☐   computed on full value of interest or property  conveyed, or
☐   computed on full value of items or encumbrances remaining at time of sale,
☐   Unincorporated area        X   City of __Jurupa Valley__ _____ , and

"This is a bonafide gift and the grantor received nothing in return, R & T 11911."

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Andres Palacios Duque, Trustee of the PD Family Trust**

hereby GRANT(s) to

**Yamilex Palacios, a Single Woman**

the following real property in the City of Jurupa Valley County of Riverside, State of California:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Dated:  June 11, 2020

**The PD Family Trust dated April 25, 2016**

*Andres Palacios D.*

**Andres Palacios Duque, Trustee**

---

Grant Deed – Generic
GDGNERIC (DSI Rev. 4/6/18)

Last Saved:  6/11/2020 12:23 PM by JY1
Escrow No.:  00701860-001-CGZ

Exhibit B

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

State of ___California___ ) SS:
County of _Orange_ )
On _June 12, 2020_ before me, _Mary Fraga – Notary Public_
a Notary Public, personally appeared _Andres Palacios Duque_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

MARY FRAGA
Notary Public · California
Orange County
Commission # 2318228
My Comm. Expires Feb 3, 2024

Grant Deed – Generic
GDGNERIC (DSI Rev. 4/6/18)

Last Saved:  6/11/2020 12:23 PM by JY1
Escrow No.:  00701860-001-CGZ

Exhibit B

**EXHIBIT A**

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED  JURUPA VALLEY, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

The Northerly rectangular one-half of Wineland Vineyards, in the City of Jurupa Valley, County of Riverside, State of California, as shown by Map on file in Book 10 Page 80 of Maps, records of Riverside County, California.

Excepting therefrom that portion thereof described as follows:

Beginning at the Southwesterly corner of the Northerly rectangular one-half of said Lot 7 ; thence Easterly along the Southerly line of said Northelry rectangular one-half of said Lot, 115 feet; thence Northerly parallel with the Westerly line of said Lot, 70 feet; thence Westerly parallel with the Southerly line of the Northerly rectangular one-half of said Lot, 115 feet to the Westerly line of said Lot; thence Southerly along the Westerly line of said Lot to the point of beginning; also excepting therefrom an easement in favor of the public over the Westerly 30 feet thereof included in Etiwanda Avenue.

For APN/Parcel ID(s):  161-140-002

Exhibit B

*Effective August 1, 2020*

**STATUS CONFERENCE PROCEDURES
FOR THE HON. SCOTT H. YUN**

The court will set an initial status conference in all adversary proceedings and chapter 11 cases. Trial counsel must appear at the initial adversary proceeding status conference in person, and debtor's counsel must appear at the initial chapter 11 status conference in person. Unless otherwise ordered by the court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Yun's telephonic appearance procedures (which are available on the court's website, www.cacb.uscourts.gov, by clicking on "Judges," "Our Judges," and then the judge's name).

**I.    STATUS REPORTS**

A.    A thorough, written status report, filed fourteen days in advance of the hearing, is required before **every initial or continued** adversary proceeding and chapter 11 status conference. For adversary proceeding status conferences, the status report must be a joint status report using Local Bankruptcy Rule Form F 7016-1.STATUS.REPORT. This form is available on the court's website. Failure to file a joint status report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule form. For chapter 11 status conferences, please **do not** use the optional form F 2081-1.1.C11.STATUS.RPT.

B.    Pursuant to Local Bankruptcy Rule ("LBR") 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a unilateral status report not less than seven days before the date scheduled for the status conference. The unilateral status report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a joint status report.

A status report (either joint or unilateral) is not required *only* in the following limited circumstances:

1.    The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding that provides either for dismissal of the action in its entirety or the entry of judgment in the action.

2.    Prior to the date scheduled for the status conference, the court has entered an order approving a stipulation continuing the status conference to a later date (a written status report must be filed not less than fourteen days in advance of the continued status conference date).

*Effective August 1, 2020*

      3.   The court has expressly relieved the parties of the obligation to file a
written status report.

Unless one of the three exceptions outlined above applies, status reports must be filed in a
timely manner. Parties that fail to do so may be subject to a minimum sanction of
$500.00, or such other sanctions as may be warranted under the circumstances or allowed
under LBR 7016-1(f) and 11 U.S.C. § 105.

      Failure to appear for a status conference in an adversary proceeding may also
result in a minimum sanction of $750.00, dismissal of the adversary proceeding for
failure to prosecute, or such other sanctions as may be warranted under the circumstances
or allowed under LBR 7016-1(f) and 11 U.S.C. § 105.

## II.    DEFAULT

      If a response to the complaint is not timely filed, the plaintiff should file a request
for entry of default by the clerk. The plaintiff also may request entry of a default
judgment by filing and serving (if necessary) an appropriate motion with supporting
evidence. See Fed. R. Bankr. P. 7055 and LBR 9021-1(d).

## III.    FINAL JUDGMENT

      If the parties dispute whether the court can enter a final judgment or order in the
adversary proceeding, they must file points and authorities in support of their positions.
Any party contending that the court cannot enter a final judgment must file and serve a
memorandum of points and authorities, along with evidence, in support of its position no
less than fourteen days before the initial status conference. Any response must be filed at
least seven days before the initial status conference. **If a party does not file and serve
its papers in a timely manner, that failure may be deemed consent to whatever
determination the court makes.**

## IV.    JURY TRIAL

      Any party claiming a right to trial by jury must make a timely demand as set forth
in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a
memorandum of points and authorities, along with evidence, in support of its position no
less than fourteen days before the initial status conference. Any response must be filed at
least seven days before the initial status conference. **If a party does not file and serve
its papers in a timely manner, that failure may be deemed consent to whatever
determination the court makes.**

## V.    MISCELLANEOUS FOR ADVERSARY PROCEEDINGS

      1.     Unless otherwise ordered by the court, within seven days after the initial
status conference, the plaintiff must submit a scheduling order.

*Effective August 1, 2020*

       2.      A copy of these instructions—including LBR Form F 7016-1.STATUS.REPORT attached as Exhibit A—must be attached to every copy of the complaint served upon a party, and the proof of service must state that a copy of these instructions was served along with a copy of the summons and complaint.

*Effective August 1, 2020*

# EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION****

</div>

| In re: | CASE NO.:<br><br>ADVERSARY NO.:<br><br>CHAPTER: |
|---|---|
| Debtor(s). | |
| | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
| Plaintiff(s).<br><br>vs.<br><br>Defendant(s). | DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

## A. PLEADINGS/SERVICE:

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?                                                                 ☐ Yes  ☐ No

2. Have all parties filed and served answers to the Claims Documents?                  ☐ Yes  ☐ No

3. Have all motions addressed to the Claims Documents been resolved?                  ☐ Yes  ☐ No

4. Have counsel met and conferred in compliance with LBR 7026-1?                       ☐ Yes  ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

B. <u>READINESS FOR TRIAL</u>:

   1.     When will you be ready for trial in this case?

             <u>Plaintiff</u>                               <u>Defendant</u>

   2.     If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

             <u>Plaintiff</u>                               <u>Defendant</u>

   3.     When do you expect to complete <u>your</u> discovery efforts?

             <u>Plaintiff</u>                               <u>Defendant</u>

   4.     What additional discovery do you require to prepare for trial?

             <u>Plaintiff</u>                               <u>Defendant</u>

C. <u>TRIAL TIME</u>:

   1.     What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

             <u>Plaintiff</u>                               <u>Defendant</u>

   2.     How many witnesses do you intend to call at trial (*including opposing parties*)?

             <u>Plaintiff</u>                               <u>Defendant</u>

---

**This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.**

3.  How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                    <u>Defendant</u>

## D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

|  | <u>Plaintiff</u> |  | <u>Defendant</u> |
|---|---|---|---|
| Pretrial conference ☐ is ☐ is not  requested | | Pretrial conference ☐ is ☐ is not  requested | |
| Reasons: | | Reasons: | |

<u>Plaintiff</u>                                    <u>Defendant</u>

Pretrial conference should be set <u>after</u>:          Pretrial conference should be set <u>after</u>:

*(date)* _____                          *(date)* _____

## E. SETTLEMENT:

1.  What is the status of settlement efforts?

2.  Has this dispute been formally mediated?      ☐ Yes    ☐ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

<u>Plaintiff</u>                                    <u>Defendant</u>

☐ Yes  ☐ No                              ☐ Yes  ☐ No

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 3                    **F 7016-1.STATUS.REPORT**

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<table>
<tr><td align="center">Plaintiff</td><td align="center">Defendant</td></tr>
<tr><td>☐ I do consent</td><td>☐ I do consent</td></tr>
<tr><td>☐ I do not consent</td><td>☐ I do not consent</td></tr>
<tr><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.   ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: _____

_____
Printed name of law firm


_____
Signature

_____
Printed name

Attorney for: _____

Date: _____

_____
Printed name of law firm


_____
Signature

_____
Printed name

Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*): **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]; COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS; (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS; (3) RECOVERY OF AVOIDED TRANSFERS; (4) DECLARATORY RELIEF RE VALIDITY, PRIORITY AND EXTENT OF INTEREST IN REAL PROPERTY LOCATED AT 5700 ETIWANDA, MIRA LOMA, CA 91752; STATUS CONFERENCE PROCEDURES FOR THE HON. SCOTT H. YUN AND LOCAL RULE FORM F 7016-1 JOINT STATUS REPORT [LBR 7016-1 (a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **05/06/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Edward A Villalobos**    VillalobosBK1@gmail.com, notices@blclaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **05/06/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 05/06/2021 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 3                     **F 7004-1.SUMMONS.ADV.PROC**

**SERVED BY UNITED STATES MAIL**:

Andres Palacios Duque
12908 Reindeer Ct.
Riverside, CA  92503

Yamilex A. Palacios
5700 Etiwanda Ave
Mira Loma, CA 91752-2260

Ines L. Bello Palacios
716 E. 1st Street
Santa Ana, CA  92701-5337

Elias Palacios
10390 Arlington Ave
Riverside, CA  92505-1102

Nereyda M. Mendoza Palacios
4041 Honeysuckle Street
Riverside, CA 92501-1533

Ana C. Palacios
7941 Slate Creek Road
Corona, CA  92880-8591